## GERMAN-AMERICAN BANK OF MINNEAPOLIS v. OLE ANDERBERG and Another.[1]

May 26, 1911.

Nos. 17,106—(111).

**Assignment of unrecorded mortgage — notice.**

> An assignment of a mortgage, though not recorded, is valid as against a purchaser of the premises who has notice of the assignment, or notice that the mortgage is an existing lien.

Action in the district court for Hennepin county to foreclose a certain mortgage; to cancel and set aside an attempted release and satisfaction of it, and directing a sale of the mortgaged premises. The separate answer of Christine Anderberg alleged that she was forced to execute the mortgage through threats of prosecution and arrest of her husband, that there was no consideration for the execution of the note and mortgage; that more than six years had elapsed since the note became due and that the statute of limitations had run against the note; that Wendelin Muther, knowing the mortgage was executed under threats of violence, and that there was no consideration therefor, voluntarily executed a satisfaction of the mortgage; that the property was sold to plaintiff for a valuable consideration, and that the assignment did not appear of record against the property until long after she had purchased and paid a valuable consideration therefor. The reply was a general denial. The case was tried before Simpson, J., who made findings of fact and as conclusion of law ordered judgment setting aside the satisfaction of the mortgage, and directing a sale of the premises. From an order denying a motion of Christine Anderberg for a new trial, she appealed. Affirmed.

*Lewis C. Gjertsen,* for appellant.

*George M. Bleecker,* for respondent.

[1]Reported in 131 N. W. 468.

BUNN, J.

Defendant Ole Anderberg was on June 8, 1894, the owner of the real estate described in the complaint. On that day he and his wife, Christine Anderberg, the appellant herein, executed their joint promissory note for $148 to one Wendelin Muther, to whom defendant Ole was indebted in that amount, and to secure the note executed to Muther a mortgage on the premises. In October, 1896, Muther for a valuable consideration assigned the mortgage, together with the note, to plaintiff. Plaintiff did not record the assignment until 1909. In 1904 Muther's attention was called to the fact that the mortgage stood in his name and that he was liable for taxes thereon. He thereupon, without plaintiff's knowledge, executed a satisfaction thereof on the margin of the record. No part of the mortgage debt has been paid, excepting interest to July 8, 1895. On July 1, 1908, defendants executed a deed of the property to one Wingren, and Wingren executed a deed thereof to Christine Anderberg, the appellant herein. These deeds were recorded July 2, 1909.

This action was brought in March, 1910. The relief demanded was the cancellation of the satisfaction indorsed by Muther on the margin of the record and the foreclosure of the mortgage. Defendant Christine Anderberg answered, setting up the defenses of duress, fraud, the statute of limitations, and that she was an innocent purchaser of the premises, buying without knowledge of the assignment of the mortgage to plaintiff, and relying on the marginal satisfaction appearing on the record. The last defense is the only one that was relied on at the trial. The trial court decided for plaintiff, ordering judgment of cancellation of the satisfaction and foreclosure. Defendant Christine Anderberg appealed from an order denying her motion for a new trial.

The first eleven assignments of error relate to the admission of evidence, and are so clearly without merit that further mention of them is unnecessary.

The only points seriously relied on for a reversal of the trial court's order relate to defendant's contention that she was an innocent purchaser of the mortgaged premises, buying in reliance upon

the satisfaction and in ignorance of the assignment to plaintiff. There would be merit in this claim, if the facts were present to sustain it; but defendant was one of the makers of the note and mortgage. She would have known if the mortgage debt had been paid, either by her husband or herself, and she undoubtedly did know that it had not been paid. It follows that she had no right to rely on the marginal satisfaction. Defendant offered no testimony, except an abstract of title which showed the mortgage, the marginal satisfaction, the deed from Anderbergs to Wingren, and the deed from Wingren to appellant, Christine Anderberg. It seems too clear to warrant further discussion that the lien of the mortgage could not be divested by this transfer of the premises to one of the original makers, on the plea that she thereby became an innocent purchaser. Clearly she had full notice that the debt had never been paid. It is immaterial that she had no notice of the assignment to plaintiff. Such assignment is valid, though not recorded, as against any purchaser taking with notice of the assignment, or with knowledge that the mortgage is a subsisting lien on the property.

Plaintiff's delay in recording the assignment has in no way prejudiced defendant. The question is not one of laches in recording the assignment, but whether defendant was an innocent purchaser. The evidence is not only wholly insufficient to show that she was, but indicates that transferring the title from her husband to herself was an effort to escape this mortgage. The trial court rightly held that plaintiff was entitled to judgment.

Order affirmed.

SIMPSON, J., took no part.